Good morning, everyone. Today is Wednesday, November 16, 2011. The first case on our call of the docket today is agenda number 5, excuse me, case number 111590, People in the State of Illinois v. Elias Gutierrez. Counsel for the appellant? Good morning, your honors, counsel. May it please the court, my name is Jamie Montgomery and I represent the defendant appellant Elias Gutierrez. This case presents a discrete legal question. Whether 725 ILCS 5-113-3.1a precludes remanding a case for a hearing on the defendant's ability to pay a public defender reimbursement fee where the fee is $5,000. The fee was imposed without a hearing where more than 90 days have elapsed since the entry of the final order at the trial level. But before I speak about that issue, I'll address the jurisdictional issue raised by the state in its briefs. We're here today because with no request by the state's attorney, no request by the court, no notice to my client, and no hearing, the circuit clerk acted outside its authority and assessed a public defender reimbursement fee that had not been ordered by the court. The state suggests that neither the appellate court nor this court have jurisdiction over this appeal because the notice of appeal did not indicate the defendant was challenging the assessment of fines or fees and also because the imposition of the fee was not embodied in any order signed by the court. First, the amended notice of appeal in this case substantially conforms to Rule 6060. It lists the date of the entry of the final order as the judgment date the defendant is appealing from and does not indicate that the defendant is appealing from anything other than his conviction. Thus, pursuant to this court's recent decision in People v. Lewis, the notice of appeal was sufficient to put the state on notice that the defendant was appealing from his conviction, sentence, and the entirety therein. The state's second jurisdictional argument, that the appellate court lacks jurisdiction to review actions of the circuit clerk which are not taken to, pursuant to, or embodied in an order of the court, fails as well. Essentially, the state is arguing that the appellate court lacks the authority to address a void judgment. The fact that the fee was imposed by the circuit clerk of its own volition here is not in dispute. Nor is it disputed that the circuit clerk may not impose even mandatory fines and fees that are not ordered by the court. Nor is it disputed that the trial court may not delegate its duties to the clerk to do these sorts of things. Thus, because the fee here was imposed completely by the clerk who had no authority to do so, this was the very definition of a void judgment. Because the appellate court had jurisdiction by virtue of the properly filed notice of appeal, it had jurisdiction, pursuant to Supreme Court Rule 615B, to address that judgment, affirm it, set it aside, modify that fee. Indeed, the appellate court had a sua sponte duty to address such a void judgment. Now turning to the substantive issue, Section 113-3.1A provides that whenever a court appoints counsel to represent a defendant, the court may order the defendant to pay a reasonable sum to reimburse the county or the state for that representation. However, before such a fee may be imposed, due process requires that a hearing take place. And Section 113-3.1A instructs that the court is to consider specific things in that hearing. And it also states that such hearings shall occur at any time after the appointment of counsel, but no later than 90 days after the entry of the final order disposing of the case at the trial level. The language of the statute clearly and unambiguously requires that the defendant's ability to pay, that that hearing must occur within 90 days. And in People v. Love, this court held that the statute plainly requires that the trial court conduct, within the specified time period, a hearing into the defendant's financial resources and determine his ability to pay. As this court is aware, statutes are to be read as a whole and construed to give effect to every word, clause, and sentence, and cannot be read to render any part meaningless or superfluous. The interpretation, a directory interpretation, as proposed by the state here, would render that 90-day requirement completely meaningless. Because what it essentially would mean, then, is that the hearing must occur within 90 days, except when it doesn't, and that it can occur any time. Counsel, on that point, since it is a presumption that it's a procedural command in the statute's directory, there are no consequences delineated in the statute here for failure to hold it within 90 days. How is that presumption overcome? That presumption is overcome here, Your Honor, because although there is no specific penalty imposed directly within the statute, the case law requires that there be negative words or language indicating that the action is to occur at no other time or in no other way. And here we have the language that says, but no later than. If the legislature had written the statute to say, within 90 days, we might be talking about something different. But here the legislature chose to say, but no later than. That is negative language that clearly indicates that this is not to occur at any time after 90 days has elapsed from the entry of the final order. We know that the fee cannot be imposed without the hearing, and the statute precludes the hearing from occurring at any other time. Thereby, the implicit penalty here for noncompliance is you can't impose the fee. If the hearing were held within 90 days and it went up on appeal, and the argument was that it was improperly assessed, would the appellate court lack jurisdiction to remand for another hearing? If the statute was followed and there was a hearing within the 90 days, and then it went up on appeal, I believe that if there was an argument that the hearing was improper, you could remand it for a new hearing. Because in that instance, the statute has been complied with. There was a hearing. There was an order. But here we don't have that. Here we have no compliance with the statute whatsoever. And the Love case was remanded. Isn't that right? The Love case was remanded. However, it's not clear from the decision in Love that this issue was ever addressed. There was several issues going on in Love. The main one was whether or not the hearing was mandatory at all, or whether in that case there was bond posted and the judge ordered sua sponte that the fee would be taken from the bond that had been posted. And there was a question about whether or not the hearing was mandatory and whether it could be presumed that posted bond meant that you could afford to pay for counsel. But the issue of whether or not this could be remanded was not addressed, other than this court did remand it. And we've basically covered the issues I was going to cover, although I will say that the state cites the People v. Hill case, which has language similar to the language here, where the court looked at Supreme Court Rule 416, which states that the state, that in no event shall the filing of a notice of intent to seek or decline the death penalty be filed later than 120 days after arraignment. And that direction was found, that rule was found to be directory. And in first blush, it appears that that language is pretty similar to what we have here. However, what is not noted in the state's brief is that immediately following the in no event clause, Rule 416 also provides unless for good cause shown, the court directs otherwise. Here we have no exception. The rule's language, while it has negative language, it immediately has thereafter an exception, which implies that that was directory. Here we have no exception. The statute clearly says 90 days. And without that exception and with that negative language, this statute is clearly mandatory, mandatory. If there are no further questions, Section 113-3.1a is mandatory, and for all these reasons, as well as those presented in the defendant's briefs, the defendant, respect for the request, this court told that where a public defender fee has been imposed without a proper notice in a hearing and more than 90 days have elapsed since the entry of the final order disposing of the case at the trial level, that the statute does not permit remanding the case for a hearing in the matter. Furthermore, the defendant asks this honorable court to vacate the appellate court's order remanding the cause for such a hearing and instead enter an order simply vacating the fee. Thank you, counsel. Counsel for the appellee. Good morning, counsel. May it please the court, Josh Schneider, Assistant Attorney General on behalf of the people of the State of Illinois. Counsel has stated that the notice was substantially in compliance with the court's rules. However, that alone is not enough to confer appellate jurisdiction over the clerk's independent assessment of a fee. Yes, the notice stated that they were appealing from the conviction. It didn't identify any order other than the conviction. But that only confers jurisdiction over the order specified in the notice. In this case, the fee was not part of any order of the court, final or otherwise. And so the notice could not have conferred jurisdiction over that assessment. Further ---- Mr. Schneider? Yes. Did you ñ you did not raise jurisdiction in your challenges in the appellate court, did you? No, Your Honor. Why not? Your Honor, unfortunately, I can't speak to why it was not raised. But it's not forfeited at this point because the court has an independent duty to address jurisdiction, regardless of whether or not it was raised in the intermediate appellate court. In this case, the notice of appeal didn't identify the actions of the clerk. And one would be hard-pressed to think of how it could have done so. Again, there was no order. There was no judgment. Not only does the notice not identify an order or judgment in which case ñ in which the fee was assessed or ordered assessed, but even if it had done so, it could not have conferred jurisdiction over the clerk's independent assessment because that is not a reviewable order or judgment. In this case, it's analogous to if the court had ordered a fee, the clerk, in typing the fee into its system, had put in a typo and then sent out a fax, this party finance query or summary, identifying the wrong fee. The appellate court wouldn't have jurisdiction over the clerk's typo. Here we have just a printout from the clerk of a fee that was assessed without any order and without any judgment of the court. In that circumstance, if you're correct, is there any way for a defendant to attack the validity of that fee? Yes, Your Honor. We would say that the defendant who discovers that a fee was improperly assessed by the clerk without any court order should move to vacate the fee in the circuit court. In ñ as far as we can tell, the circuit ñ But while the case is ñ excuse me, counsel. While the case is pending on appeal, I mean, wouldn't the circuit court judge say I no longer have jurisdiction over this case, that this case is pending on appeal? Well, the circuit court would have jurisdiction over the fee issue because the fee is collateral to issues of sentencing and conviction. In fact, the way the statute is written, it provides that the fee can be assessed up to 90 days after the entry of the final order, whereas you can only appeal within 30 days. So it contemplates that within 60 days after notice of appeal is entered, or was filed, rather, that the court may assess this fee. And because it's not a fine, because it's not punitive, there's no reason that it would necessarily need to be included in a sentencing order or in the final order of the court. And, in fact, the Fourth District has held that it can be assessed even if the defendant is acquitted because it's not a cost of prosecution such as could only be collected upon conviction. It's simply an administrative cost. And the same way that a non-indigent defendant would not be entitled to collect the costs of his defense should it be acquitted, an indigent defendant is not entitled to have a free defense simply because he is acquitted. In this case, we would say it's collateral to the judgment and so would not be beyond the circuit court's jurisdiction once a notice of appeal has been filed, provided, of course, the notice of appeal that is filed does not specify the assessment of the fee. And if it did, then, of course, the circuit court would be robbed of jurisdiction to address that issue. Counsel, may I ask just generally, in People v. Love, this court held that there has to be this hearing. Yes. Upon the State's motion, there must be this kind of hearing. That case was decided in 1987. Fourteen years later, why are we still talking about this? Well, today, specifically, we're talking about it because the Lake County clerk, whether through a typo or through misunderstanding, incorrectly assessed the fee. But it happens in a number of other cases. It does happen in a number of other cases. That's true. There are a number of clerks that are doing this incorrectly. The question is whether the most effective and efficient way to correct these clerks' misapprehension of how these fees are assessed is for this court to issue an advisory opinion to the clerks saying don't do it or whether it's to have the defendant simply bring it to the attention of a circuit court, who is in all likelihood totally unaware the fee's been assessed at all. It doesn't appear anywhere in the court's record. The only record we have that the fee was assessed at all is this computer screen printout that was received upon request nearly a year after the notice of appeal was filed. What better way than this court getting involved to send a message to the clerk and the circuit court and even the State that this is the way it should be done? You said the question becomes whether the best ways for this court to get involved and say that basically this is mandatory rather than directory, right? Well, the question is, as we see it, not whether it's mandatory or directory, that there be a hearing. This court has already held in love that there must be a hearing. In this case, the court didn't hold a hearing, but the clerk made some sort of error at some point. If the question is how to correct a clerk's error when they're assessing fees improperly, our position is that the easiest way to do that and to spare two levels of appellate review having to go through this is to simply bring it to the circuit court's attention. Again, there's no evidence that the court had any idea this had happened, and there's nothing to suggest that the court would not have followed this court's clear direction in love that there would be a hearing and would have vacated the fee had it known the fee had been assessed. Let's talk about that for a minute. Closing counsel mentioned that when she talked about the negative words, I think she's referring to our Robinson decision that talks about the mandatory nature of negative words. Isn't that what we have here, where the statute says that the hearing shall be held no later than 90 days after the entry of a final order? No, Your Honor. In this case, the purpose of the negative words pronged to overcoming the presumption of directory procedural commands is to reveal a legislative intent that there be a consequence to noncompliance. In this case, we've got a time period. At any time after the appointment of counsel, but no later than 90 days, all that says is that it must be done at any time after the appointment of counsel or within 90 days afterwards. But it doesn't say what happens if you don't. Well, isn't that interpretation saying that no later than 90 days after entry of a final order actually says what is really meant was instead of no later at any time at all? Isn't that really what your interpretation would lead us to believe? No, Your Honor. Although a directory reading of the statute doesn't specify what the consequence is, it doesn't mean that there is no consequence. This Court has repeatedly held, both in Del Vilar in 2008 and in Robinson before it, that if a directory statute is violated, the next question is, well, then what is the consequence? Since the legislature hasn't specified there be any particular consequence. So, for example, in Del Vilar, the Court addressed the Circuit Court's failure to admonish a defendant who was entering a guilty plea as to the immigration consequences of that plea. In Robinson, the Court addressed the failure of the clerk to serve the defendant with a notice of the dismissal of his post-conviction petition. In each of those cases, the Court held that, yes, the defendant does have a right to an admonishment as to the immigration consequences, and, yes, the defendant does have a right to timely service of that notice. But the question is, what is the remedy? And they said there is no remedy unless there is prejudice. So, for example, in Robinson, where the clerk did not serve the defendant within the 10 days with the notice of dismissal, because the defendant nonetheless timely filed his notice of appeal, they held that there was, this Court held that there was no prejudice, and so there was no remedy. Here, the prejudice that the defendant has suffered is an impetution of a fee without inquiry into his ability to pay such a fee. The remedy there is not to prevent any inquiry into his ability to pay the fee. The remedy is to hold the hearing that he was entitled to. Well, let's talk about the procedural practicalities just a minute. Would the burden of setting a hearing, you would agree, is placed upon the prosecution, right? Yes. All right. Would they have any incentive to do so under your interpretation? And let me tell you why. I'm asking that question. Isn't it true if they don't set the hearing, the prosecutor doesn't set the hearing, then the defendant will either do one of two things, right? They'll either simply pay the fee or they'll raise the issue, in which case the hearing can still be held under your interpretation even where the 90 days have passed. So what's the incentive for the prosecution meeting their burden of setting a hearing? You're saying, I'm sorry, Your Honor, this is in cases where the court has not assessed the fee but the clerk has assessed the fee. Right. Well, if the clerk assesses the fee in a way that does not appear in the record anywhere, if the state has not moved for the fee, then the state isn't seeking the fee in that case. And if the court doesn't move under its own motion for the fee, then the court isn't seeking the fee. So that's just a question of bringing this improperly assessed fee by the clerk to the court's attention to vacate it. So the trial court or the prosecution, though, the burden falls on them. And then in a case like we have here where the clerk does it on their own, right, you're saying the remedy is, well, they can move to vacate the fee in the circuit court at that particular point in time. That's right. But the 90 days under any scenario doesn't mean anything. Well, the 90 days means what it says it means. It's a command from the legislature to the court to hold the hearing within 90 days. If no one moved for a fee and the clerk didn't improperly assess a fee within 90 days, just nothing happened within 90 days, and the state moved for assessment of the fee or for a hearing on the ability of the defendant to pay the fee 200 days after the entry of the final or disposing of the case at the trial level, it is hard to imagine that the circuit court looking at the statute that allows the assessment of a fee would simply ignore the command that it be held within 90 days. If it did so, the question then is what's the prejudice? Certainly there's an interest in the defendants having a finality to the case, and that may be the prejudice. But the situation we have here is simply that the fee was improperly assessed by the clerk, and it was within the 90 days. In order to reach the issue of whether it can be remanded, we need to essentially treat that as an action of the court to get over the jurisdictional hurdles. Because, again, at this point, there is no order of the court to be reviewed by the appellate court. Well, even in the case where we're not dealing with the clerk and we're dealing with either the court or the prosecutor, right, there's really no incentive for them to set a hearing. Is there? Well, the incentive is to collect the fee. Right, but I mean if the fee is assessed, right, if the fee is assessed. By the clerk or by the court? Let's just say even by the court in this circumstance. The fee is assessed by the court. There's no setting of a hearing within 90 days. The defendant either pays the fee or you're allowed after that 90-day period to then set a hearing. So where is the incentive to set a hearing per the statute? Well, there's no stick embodied in the statute to force courts to comply. That's true. Yeah. But that's the case with all directory statutes. It's not that the court is not commanded to do what the statute commands. It's that a directory statute simply doesn't specify a consequence. And so as the U.S. Supreme Court said in U.S. v. Montalvo-Morano, if the Congress has not specified that there be a consequence, then they simply didn't intend that there be a particular consequence. And the hope and the presumption is that a court, when ordered by the legislature to comply with a procedural command, will do so. I mean, I don't believe that there is an epidemic of courts deliberately ignoring the commands of the General Assembly in this case, particularly in this case where the court didn't do anything, where it's simply a clerk who either by typo or by confusion assessed a fee. Is it the state's position that in a situation where, say, there is no appeal, there's the same situation and the defendant goes on his or her way, and then 120 days later the state says, oh, we should have tried to recoup some public defender fees from this offender? Are you saying that under the statute, the state could file a motion and bring the defendant in ignoring the 90 days? No. Well, the state could file the motion, but the court should deny that motion because it's outside of the statutory window. The question here is really, as counsel phrased it, where the fee is assessed within the 90 days, but for whatever reason the assessment was defective. Let's say that there was a hearing, but the hearing was defective. For example, the circuit court is required to consider the affidavit filed by the defendant as to his means. Let's say the circuit court didn't consider that affidavit, so it held a defective hearing within 90 days. Under the mandatory reading of the statute, that would suggest that as long as the defendant doesn't raise the issue to the circuit court's attention, he files his notice of appeal, the 90 days expires. Under this court's ruling in love, the appellate court has no choice but to vacate the fee, and then the appellate court can't remand to correct the defect. The remedy in that case would be that no fee can be assessed if there is any flaw in the proceedings under 113-3.1A, rather than correcting the problem, which is the defect. Really the question is whether the defendant is entitled to the due process this court afforded him in love that he have a hearing into his ability to pay, or whether any defect in the hearing or the notice deprives the state of the ability to recoup that fee. We would suggest that, as the Supreme Court held in Merlo-Morano, that they would simply grant the defendant a windfall every time there's any sort of deficiency in compliance with the statute, and would encourage him to stay mum. Because if he raises it to the circuit court's attention, it would in all likelihood vacate the fee, correctly comply with the statute's requirements, and then he'd have a fee. Whereas if he stays quiet, files his appeal, then he's not only spared the fee, but he's spared any inquiry into his ability to pay such a fee. Mr. Schneider, I need you to clear something up for me, and I apologize if I should know this, but I'm not clear on the record. Was there a motion filed for the fee? No, Your Honor, there was not. So if we go back to your answer to the question that Justice Garmon posed about later on, making the request for the fee, I thought you said then that there would be no authority to file the motion. In effect, aren't you making a de facto motion now, after the fact, well outside the 90 days? Well, Your Honor, in some respects, it's because of the jurisdictional problems, it's almost a hypothetical. In the event that someone had, if the court had assessed a fee and it was defective, because the court can also, in this case, our first position is that the court didn't assess the fee, and that the appellate court didn't have jurisdiction to address the rogue actions of the Lake County Circuit Clerk. And it seems as though everyone here agrees the clerk didn't have any authority to assess the fee. That's right. You asked, you made reference that this court should issue an advisory opinion. Your Honor, my point was rather that should the court reach the merits of the timing, that there's really no way to reach that issue under the facts here without it being advised, because there was no jurisdiction for the appellate court. Here it would simply be telling clerks in general you cannot assess this fee and telling appellate courts should a fee be assessed by a court without a hearing within 90 days that you can't remand. I know you've not asked this question, but let me ask you. Should this court issue a supervisory order just vacating that fee improperly assessed by the clerk? Would that not send a message? It would. We would ask that should the court do that, that it make clear that it is due to the lack of authority of a clerk to assess such fee rather than necessarily that there's some sort of timing issue involved, because, again, without the court having assessed the fee, the timing issue isn't particularly squarely presented in this case. The State has conceded, though, haven't you, that the appellate court has been ruling on fines entered by clerks for years? Yes, Your Honor. And this is the first time isn't this the first time that a jurisdictional issue has been raised on that? As far as I know it has, Your Honor. But the same way that we haven't forfeited in this case, we would say that the failure to raise it in those previous cases hasn't forfeited either. I understand. A light bulb went off somewhere. Not only there, in your head, right? It is. Okay. Well, unless I see my time is up, I would simply ask that the court vacate or dismiss the appeal and vacate for lack of jurisdiction. Thank you, Mr. Schneider. Ms. Montgomery. As Justice Thomas noted, appellate courts have been acting on fines and fees imposed by the circuit clerks for years. There's a number of them listed in my brief. And, in fact, it's very evident that at least in Lake County, the circuit clerk imposes public defender fees as a matter of course. There's this case, Elcock, Dalton. They're listed in my brief. But those are all Lake County cases where this occurred. And, in fact, it's a matter of course in the Office of the State Appellate Defender in the Second District that when we have a Lake County case, we're pretty confident there's going to be an improperly imposed public defender fee, because it happens all the time. Now, to suggest that the actions of the clerk aren't reviewable just isn't correct. You know, like I said, time and again, we see issues where perhaps a court orders that the defendant receive $5 a day credit towards their fines, and the clerk doesn't do it. So we raise that issue. Or there's times where the judge says only mandatory fines, and the clerk imposes non-mandatory fines. You know, the clerk's role is to carry out the orders of the court. It is not to act on its own and do whatever it thinks the court should have done. And that's what happened here. And because fines and fees are, in general, a part of a consequence of a conviction in a criminal case, the appellate court and this court have jurisdiction to review those when there's proper jurisdiction over a case. And what could be more efficient than this court acting in this case and directing that the circuit clerk cannot do what they've been doing? Sending this case back to be remanded for the court to consider it is precisely allowing the state to make a motion after more than 90 days have passed to seek public defender fees that it never sought before. The language of the statute involves an act of discretion by the state's attorney or the court in the initial even requesting of the fee. And here, and in all cases where neither the state's attorney nor the court make that request to set a hearing, that is an act by inaction. That is a decision not to seek it for whatever reason. Perhaps the court or the state's attorney, based on the affidavit of assets and liabilities that the defendant filed when they request the public defender, knows that the defendant is destitute or is going to be deported or is looking at spending 20 years in prison like Mr. Gutierrez is. And the likelihood of him being able to reimburse the state for anything is slim to none. And there would just be no reason to have a hearing. It would be a waste of judicial resources to have the hearing. So here what the state is attempting to do is to go back, after it already said we're not going to request the public defender fee, and say, oh, gee, I guess we want it now. Well, the time is run. They had 90 days after they entered the final order to make that decision. They chose not to. They cannot come back now and try to get that fee. What's wrong with the idea when the defendant learns that there's been a fee imposed improperly, it asks the circuit court to vacate it? Because the circuit court has the closest interest to say to the clerk of their court, don't do that anymore. Yes. And, you know, there is no reason why the defendant couldn't come back later and ask that it be vacated. Yeah, vacated. They can do that with all fines and fees. There isn't a requirement that it be raised on appeal, but generally it's discovered on appeal. And so we raise it in the appeal in part to preserve judicial resources because it's more efficient to raise it on appeal, along with any other issues that are relevant, than to say to the defendant, okay, I'm going to raise this issue of reasonable doubt or excessive sentence or whatever issue we might raise. But then once your appeal is finalized, you should go back and you should write to the clerk or write to the state's attorney and say, I want to come in and have a hearing, you know, and then get written in from their prison and have the hearing then. It's just more efficient to raise it on appeal. Why isn't there an incentive then for the defendant who realizes this has been imposed without a hearing to just lay back? I mean, if they go to the circuit court, it's going to get vacated, and if it's within the 90 days, there will be a hearing if the state wants to have a hearing. But if you lay back and do nothing and it goes up on appeal and the court vacates it, you're home free. I mean, isn't there an incentive there to do nothing? Well, I would say that there is probably an incentive there. However, the duty here is on the state and the court. It's not on the defendant. The defendant doesn't have to speak up. And he doesn't have, you know, the state suggests in their brief that this would encourage defendants to stay silent in the circuit court and then sandbag on appeal. Well, here, the defendant didn't even know that this fee had been imposed. You know, I would venture to guess that his trial counsel didn't even know this fee was imposed. Probably the circuit court wasn't even aware this fee had been imposed. So, you know, the defendant doesn't know the fee has been imposed until he finds out about it. And, you know, if it's not embodied in a written order by the judge, he doesn't know that it occurred. And he can't speak up about something he doesn't know about. And it's difficult to imagine that a defendant would have any reason to speak up and say, hey, weren't you supposed to impose public defender fees? You know, the duty here is squarely on the state and the court. And it's not an onerous duty. The hearing takes ten minutes. You know, in cases where it happens correctly, you see the judge say, okay, either the state or the court says, you know, I want to impose public defender fees or I'm asking for public defender fees to be imposed. And the judge says, okay, I've got your affidavits of liability or assets in liability here. Are you working? Does your wife work? Do you own a car? Do you own a house? That sort of thing. And the judge makes a determination based on that. And, you know, it's not an onerous duty. And it can be quickly done and done correctly. And this court should not allow the state to go back at this late time in the game and ask for fees that it never thought were worthy of asking for in the first place. If there's no further questions. Do you know where this fee ends up? It goes into county or state coffers. It does not go directly to the public defender. The statute contains language that it's collected and held by the clerk for a period of time and then they direct it to various places. It goes to the clerk and then ultimately to the county or the state. Thank you. Thank you, Your Honor. Any other questions? Thank you very much. Case number 111590, People v. Gutierrez. It was taken under advisement. It was agenda number five. Thank you for your arguments.